**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Sunrise International Leasing Corporation, a Minnesota corporation, as assignee of Sun Microsystems Finance,

Plaintiff,

v.

MegsINet, Inc., an Illinois corporation, a/k/a MegsINet Internet, Inc.,

Defendant.

Civil No. 01-2261 (DWF/AJB)

**ORDER**

---

David K. Nightingale, Esq., and George E. Warner, Jr., Esq., Bernick & Lifson, 1200 Colonnade, 5500 Wayzata Boulevard, Minneapolis, MN 55416, counsel for Plaintiff.

Stephen M. Harris, Esq., Meyer & Njus, 1100 Pillsbury Center, 200 Sixth Street South, Minneapolis, MN 55402-4121 and Saul H. Krenzel, Esq., Krenzel & Associates, 42 - 15th Street South, Suite 800, Philadelphia, PA 19102, counsel for Defendant.

---

This matter is before the Court pursuant to Plaintiff Sunrise International Leasing Corporation's objections to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated March 16, 2002, insofar as it recommends that Defendant MegsINet, Inc.'s motion to dismiss for lack of personal jurisdiction be granted. The Defendant has filed a motion in opposition to the Plaintiff's objections.

The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based upon the Court's review of the record, the Court's review of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court

MAY 01 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAY 01 2002
DEPUTY CLERK

hereby adopts the Report and Recommendation of Magistrate Judge Boylan for the reasons set forth below.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Magistrate Judge Arthur J. Boylan's Report and Recommendation dated March 16, 2002 (Doc. No. 12) is **ADOPTED**.

2. Plaintiff's objections (Doc. No. 13) are **DENIED**.

3. Defendant MegsINet, Inc.'s motion to dismiss for lack of personal jurisdiction (Doc. No. 5) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 1, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

This Court must make an independent *de novo* evaluation of those portions of a Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); (D. Minn. L. R. 72.1(c)(2)). The factual background for this matter is clearly and concisely set forth in the Report and Recommendation of Magistrate Judge Arthur J. Boylan and is incorporated by reference herein.

Plaintiff argues that the Defendant has purposely availed itself of the privilege of conducting activities within Minnesota, thereby invoking the benefits and protections of its laws. Thus, Plaintiff asserts that, when the minimum contact factors are applied to the facts of the case before the Court,

the only conclusion that one can reach is that the Court's exercise of personal jurisdiction over the Defendant comports with due process considerations.

The Plaintiff makes much of the fact that Magistrate Judge Boylan characterizes the Plaintiff as the "aggressor" in the relationship between the parties and the fact that the Magistrate Judge relies on that finding in recommending to this Court that the Defendant's motion to dismiss for lack of personal jurisdiction be granted. However, the Court finds that this characterization is not dispositive of the issue of personal jurisdiction.

The Court has carefully and independently scrutinized the nature and quality of the contacts between the Plaintiff and the Defendant and the State of Minnesota. Applying the five-factor test set forth in *Digi-Tel Holdings, Inc. v. Proteq Telecomm., Ltd.*, 89 F.3d 519 (8th Cir. 1996), to the relationship of the parties in this case, it is clear that the Defendant never established minimum contacts with Minnesota that would permit this Court to assert personal jurisdiction. The Defendant's contacts with Minnesota are more appropriately described as incidental contacts, rather than as a purposeful availment of the privilege of conducting activities within the State of Minnesota. Defendant's purposeful conduct was directed primarily to California (from whence the leased products were shipped) and, to a lesser extent, to Massachusetts (to which most of the payments were directed). The Court reaches the same result irrespective of which party is deemed the "aggressor" in the relationship between the parties.

For the reasons stated, the Court grants Defendant MegsINet, Inc.'s motion to dismiss for lack of personal jurisdiction.

D.W.F.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*